A. R. PHILLIPS *v.* GLENN HUNTER *et al.*

(No. 7808)

Submitted May 8, 1934. Decided June 15, 1934.

*Chauncey M. Price,* for appellants.
*Charles A. Goodwin* and *James G. Jeter, Jr.,* for appellee.

LITZ, JUDGE:

A. R. Phillips obtained an injunction from the circuit court of Monongalia County, restraining defendant, Glenn Hunter, from further proceeding (1) upon a warrant charging appellee with trespass to real estate in attempting to remove a summer cottage from leased premises, (2) upon an attachment for damages resulting from the alleged trespass, and (3) from interfering with appellee in the removal of the structure.

By writing dated December 1, 1929, the Fidelity Trust Company of Pittsburgh, Pa., as trustee of the heirs at law of Walter Chess, deceased, leased to Lee D. Renick and Juanita, his wife, of Morgantown, West Virginia, for the term of five years ending November 30, 1934, a tract of land, called "The Oaks", located on Cheat River in Mo-

nongalia County. The lease permitted the lessees and their successors to improve the property, upon condition that all improvements, except trade fixtures, placed thereon, remain upon the premises as part of the realty. By writing dated August 12, 1932, Renick and wife leased to appellee for two years, at an annual rental, a portion of the tract, on which he constructed a "sectional knockdown type" summer cottage. Renick having defaulted in the payment of rent in February, 1933, surrendered his lease upon the alleged agreement of the lessor, permitting appellee to remove the house. By writing dated March 1, 1933, the Fidelity Trust Company, as trustee aforesaid, leased the entire property to Hunter for five years. Negotiations between him and appellee to continue the sub-lease failing, appellee went upon the land with a motor truck and laborers and began removing the cottage by sections. While so engaged, he was arrested for trespass upon a warrant sworn out before a justice by Hunter and his truck seized under an attachment, sued out by Hunter before the same justice, for the alleged trespass. Plaintiff thereupon appeared before the justice and entered into a bond for his appearance at a later date for trial upon the warrant. But before the day fixed for trial, he filed his bill in this case substantially alleging (after setting up his sub-lease from the Renicks) that after their default in the payment of rent they had surrendered their lease upon agreement by R. R. Capp, real estate officer of the Trust Company, permitting plaintiff to remove the house, and that this agreement had been subsequently confirmed by Capp to plaintiff. The bill prays for an injunction restraining Hunter from further proceeding under the warrant and the attachment and from further interfering with appellee in the removal of the house.

The case was heard upon the bill, the answer of defendant, Glenn Hunter, and general replication thereto, the petition of Fidelity Trust Company and others, and general replication thereto, and affidavits in support of the respective claims and denials contained in the pleadings.

Appellants contend that the decree should be reversed

because (1) the case is not such as would justify the remedy by injunction, and (2) the evidence does not warrant the conclusion that plaintiff is the owner of the property sought to be removed from the premises. We would not be inclined to reverse the court on the merits of the case if we were satisfied that remedy by injunction was appropriate. The appellants being in possession of the property in question, it would seem that injunction may not be substituted for the remedy in detinue or by action for damages. "Since, ordinarily, an injunction will not lie as an original and independent proceeding to determine the title to land, and is not a proper substitute for an action of ejectment or forcible entry and detainer, in the absence of some statutory provision to the contrary, the rule is that an injunction will not issue, the effect of which will be to take land out of the possession of one party and put it in the possession of another, at least until complainant's title had been established at law. * * * For the same reasons injunction is not the proper remedy for the recovery of personal property. The general rule is that, when the title to personal property of ordinary character is in dispute and the title asserted by the respective parties is a strictly legal title, the remedy of the party out of possession is at law by an action of replevin and not by suit in equity for injunction to establish his ownership." 32 C. J., p. 134.

We are, therefore, of opinion to reverse the decree and remand the cause.

*Reversed and remanded.*